UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE RAYMOND PHILLIPS,

           Petitioner,           Case No. 1:11-cv-1320

v.                                  Honorable Robert Holmes Bell

MARY BERGHUIS,

           Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Gene Raymond Phillips presently is incarcerated at the West Shoreline Correctional Facility. On August 28, 2008, Petitioner pleaded guilty to two counts of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(a), and nolo contendere to a third count of second-degree criminal sexual conduct. To support the guilty plea, Petitioner admitted to touching the victim once on the buttocks and once on her vagina. The nolo contendere plea was supported by the stipulated admission of a portion of a request for a warrant authorization stating that Petitioner had touched the victim's buttocks on yet another occasion. As part of the plea agreement, the prosecutor agreed to remove all references to additional allegations of digital penetration by Petitioner. The prosecutor also agreed to recommend a minimum sentence cap of 71 months. On October 1, 2008, Petitioner was sentenced by the Macomb County Circuit Court to a prison term of 71 to 180 months.

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals on January 29, 2009, raising a challenge to the trial court's decision to assess sentencing points for sexual penetration, despite the fact that Petitioner did not admit such facts.[1] In an order issued March 10, 2009, the court of appeals denied leave to appeal for lack of merit in the grounds presented. Petitioner apparently did not file an application for leave to appeal to the Michigan Supreme Court.

On July 21, 2010, Petitioner filed a motion for relief from judgment in the Macomb County Circuit Court, raising the following arguments: (1) he was denied his Sixth Amendment

---

[1] It is not readily apparent from the petition what specific sentencing arguments were articulated in Petitioner's direct appeal.

rights, in violation of *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004), when he was sentenced based on facts found by the judge and not admitted by Petitioner, resulting in a 47-month increase in his minimum sentence; (2) he was denied his right to confrontation when the sentencing court found sexual penetration based on hearsay evidence; and (3) Michigan's sentencing scheme violates the Sixth Amendment because the facts found were neither admitted by the defendant nor necessary for a jury's verdict. The circuit court denied the motion on July 1, 2010. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave on December 2, 2010 and September 6, 2011, respectively.

In his habeas application, Petitioner raises the first two of the three issues presented in his motion for relief from judgment.[2]

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United

---

[2] Arguably, Petitioner's third ground on state collateral review was collapsed into his first ground, as both are based on the same constitutional theory.

States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

    I.    *Blakely* Claim

Petitioner argues that the sentencing court violated his Sixth Amendment right to a trial by jury by using, to enhance his sentence, facts that had not been admitted by Petitioner or found by a jury beyond a reasonable doubt. Petitioner bases his argument on the United States Supreme Court holding in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing

system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Therefore, the state court's determination of Petitioner's claim was not contrary to federal law clearly established by the United States Supreme Court or an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

As part of his discussion of the *Blakely* issue, Petitioner also raises, apparently for the first time, the question whether the state court's factual finding of penetration violated due process because it was based on hearsay evidence contained in the presentence investigation report. Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state-law sentencing errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)).

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, although Petitioner argues that he denied any act of penetration, he fails entirely to demonstrate that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court should not have believed the victim's report of the penetration, as set forth in the presentence report and the police reports. Such an assertion falls far short demonstrating that the sentence was based on false information. The state court's sentencing determination therefore

was neither contrary to, nor an unreasonable application of, established Supreme Court precedent. 28 U.S.C. § 2254(d).

## II. Confrontation Clause

Petitioner next contends that he was deprived of his rights under the Confrontation Clause when the sentencing court relied on hearsay evidence to make its finding of penetration. The state circuit court rejected Petitioner's claim as follows:

> Next, defendant argues that the manner in which the Court conducted its factual determination regarding penetration violated his right to confront any witnesses against him. Defendant cites to *Davis v. Washington*, 547 US 813; 126 S Ct 2266; 165 L Ed 2d 224 (2006), and *People v. Walker*, 273 Mich App 56; 728 NW2d 902 (2006), in which it was held that a victim's statement to police is inadmissible hearsay under the Confrontation Clause. However, the issue here is not the admission of hearsay evidence to obtain a guilty verdict, but rather a finding in favor of penetration in the presentence investigation report. Under Michigan common law, the prosecution must only prove "by a preponderance of the evidence that the facts are as the prosecution asserts." *Walker*, *supra* at 268. Additionally, a defendant's right of confrontation does not apply at his sentencing hearing. *People v. Uphaus (On remand)*, 278 Mich App 174, 184; 784 NW2d 899 (2008). Therefore, defendant's argument in this matter is without merit, as the common law of the State of Michigan supports the finding that when pertaining to sentencing guidelines, the prosecution is only presented with a burden of the preponderance of the evidence. This Court did not have to submit the question of factual basis for sentencing guidelines to a jury or provide defendant with the right to confrontation, as Michigan law does not require it.

(7/1/10 Cir. Ct. Op. & Ord. at 3, docket #1-1, Page ID##19-20.)

The state court's determination was patently reasonable. The federal courts long have recognized that "[a] sentencing hearing . . . is not a criminal trial, and many of the constitutional requirements of a criminal trial do not apply to sentencing." *United States v. Hamad*, 495 F.3d 241, 246 (6th Cir. 2007) (citing *Williams v. New York*, 337 U.S. 241, 251 (1949)). "The right to confront adverse witnesses and to prohibit the introduction of testimonial hearsay without cross-examination

does not apply at sentencing." *Hamad*, 495 F.3d at 246 (citing, *inter alia*, *Williams v. Oklahoma*, 358 U.S. 576, 584 (1959) ("The type and extent of [sentencing] information make totally impractical if not impossible open court testimony with cross-examination.") (applying the Due Process Clause at a time when the Court had not yet incorporated the Confrontation Clause)). Accordingly, because Petitioner had no constitutional right to confrontation at the sentencing hearing, the state court's determination constituted a reasonable application of clearly established Supreme Court precedent.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service

under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: January 19, 2012         /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE